# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

SHERMAN OBY,                                                                        PLAINTIFF

v.                                      CIVIL ACTION NO.:  4:14cv45-SA-JMV

OFFICER SANDER, CAPT. WILFRED LUNFORD,
C/O OFFICER WILLIAMS, and
C/O OFFICER RAMAN KING,                                                DEFENDANTS

## REPORT AND RECOMMENDATION

On May 12, 2014, plaintiff Sherman Oby, an inmate housed at the Mississippi State

Penitentiary at Parchman, Mississippi, appeared before the undersigned for a hearing pursuant to

*Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), to determine whether there exists a justiciable

basis for his claim filed under 42 U.S.C. § 1983.  A plaintiff's claim will be dismissed if "it lacks

an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest

that does not exist."  *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted).  The

Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he

filed this lawsuit.[1]

### Plaintiff's Allegations

Sherman Oby alleges that on August 18, 2013, he received rule violation reports for

various disciplinary infractions and was escorted to a holding cell to await transfer to lockdown.

Oby maintains that as he was entering the door to the holding cell, Officer Sander, without

provocation, struck him six to eight times on the back and side of the head.  Oby maintains that

---

[1] 28 U.S.C. § 1915(g).

Officers Williams and King were present at the time and failed to stop the attack. Oby states that he received a brief medical evaluation before he entered lockdown approximately two hours after the incident, and that he asked the evaluating nurse to note in his medical records that he had palpable knots on his head at that time.

**Discussion**

During his *Spears* testimony, Oby stated that he intended Captain Wilfred Lunford to be a witness, rather than a defendant, in this action. Based on Oby's admission, and because he has not alleged that Captain Lunford was personally involved in or causally connected to the incidents alleged in the instant complaint, Captain Lunford should be dismissed from this action. *See, e.g., Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006). Oby's claims against the remaining defendants will proceed.

**Handling of Objections, Acknowledgment of Receipt**

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendations in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. . . .". *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the

enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14)

days of this date.  Failure to comply with the requirements of this paragraph may lead to

dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for

failure to comply with an order of the court.

   Respectfully submitted this the 20th day of May, 2014.

          /s/ Jane M. Virden
          UNITED STATES MAGISTRATE JUDGE