# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

SHERMAN OBY                                                                                   PLAINTIFF

V.                                       CIVIL ACTION NO.: 4:14CV45-SA-JMV

OFFICER SANDERS[1]                                                        DEFENDANT

## ORDER GRANTING DEFAULT JUDGMENT

This matter comes before the Court for consideration of Plaintiff Sherman Oby's motion for entry of a default judgment against the sole remaining defendant in this case, Officer Corey Sanders. *See* doc. #139 and doc. #140.

### Relevant Background

Plaintiff Sherman Oby was an inmate housed at the Mississippi State Penitentiary at all times relevant to this lawsuit. He alleges that on August 18, 2013, he was being escorted to a holding cell for various disciplinary infractions when Officer Sanders, without provocation, struck him six to eight times on the back and side of the head. He claims that he had to seek medical treatment for headaches for months after the incident, and he alleges that he continues to suffer headaches and psychological trauma as a result of the incident. He asks the Court to award him compensatory and punitive damages against Officer Sanders.

Officer Sanders was personally served with process on March 28, 2016, but failed to answer the allegations against him. *See* doc. #125. A Clerk's entry of default against Sanders was entered on August 26, 2016, and Oby subsequently requested entry of a default judgment against Sanders. *See, e.g.*, doc. #139. On September 19, 2016, this Court entered an order

---

[1] Defendant Corey Sanders was initially identified by the plaintiff as "Officer Sander." However, the Mississippi Department of Corrections properly identified the intended defendant as Corey Sanders. *See, e.g.*, docs. #89, 91, 92.

explicitly directing Officer Corey Sanders to respond to the complaint against him, cautioning him that failure to comply with the order's requirements could result in the entry of a default judgment against him. *See* doc. #140. Despite this warning, Sanders has failed to file an answer or other pleading.

## Discussion

Federal Rule of Civil Procedure 55 permits a court, upon motion by the plaintiff, to enter default judgment against a defendant who has failed to plead. *See* Fed. R. Civ. P. 55(a) and (b)(2). A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but rather, the Court must consider whether the unchallenged facts support the relief sought prior to entering a default judgment. *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Here, Oby claims that Officer Sanders struck him repeatedly in the head in an unprovoked assault while transporting Oby to a holding cell. These uncontested allegations are sufficient to state a claim for excessive force. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (holding that determination of whether prison official's use of force violates Eighth Amendment depends on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm"); *see also Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999) (finding that the amount of injury required to support a claim of excessive force "is directly related to the amount of force that is constitutionally permissible under the circumstances").

Accordingly, the plaintiff's request for a default judgment [142] is **GRANTED**, and the plaintiff is **DIRECTED** to appear for a hearing and submit proof of his damages regarding his excessive force claim. A separate notice setting a hearing date and writ of habeas corpus *ad*

*testificandum* shall be issued in accordance with this Order.

**SO ORDERED** this the 5th day of December, 2016.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**